19 F.3d 11
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christopher Lane LEWIS, Petitioner-Appellant,
v.
Jon P. GALLEY; Joseph Curran, Attorney General for the
State of Maryland, Respondents-Appellees.
 No. 92-6708.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 24, 1993.
Decided: March 1, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-986-S)
 Christopher Lane Lewis, Appellant Pro Se.
 Mary Jennifer Landis, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Christopher Lewis, a Maryland prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 (1988) petition. We must decide whether Lewis's guilty plea was voluntary where the plea agreement, approved by the court, contemplated that Lewis participate in a sexual offender rehabilitation program and Lewis was unable to participate because the length of his sentence prohibited his residence in the diagnostic and classification center where program participants were required to be housed.
 
 
 2
 Lewis was charged with a number of sexual offenses. In exchange for a plea of guilty to second degree rape, the remaining counts were nolle prossed. The plea agreement specified a fifteen year sentence, subject to a motion for reduction of sentence, upon Lewis's successful completion of a sexual offender program. After an extensive colloquy, the trial court accepted the plea.
 
 
 3
 According to Lewis, after the plea was accepted, he arrived at the sexual offender program and was advised that he would be unable to participate. Program participants were required to be housed at the Maryland Reception and Diagnostic Classification Center. The Center only accepted inmates with a sentence of five years or less.
 
 
 4
 Lewis's argument that his plea was involuntary because the plea agreement could not be effectuated presents a close question. On one hand, a review of the plea hearing and Lewis's subsequent state and federal petitions revealed a plea agreement founded on a mutual mistake of fact. The trial judge, prosecutor, defense counsel, and defendant fully expected that, while Lewis would be sentenced to fifteen years, he would participate in Dr. Berlin's sexual offenders' program. The doctor had interviewed Lewis and represented that he would be admitted to the program. Upon completion of the program, Lewis was to file a motion to reconsider the sentence which the trial court would consider with an open mind. Lewis later found that he could not participate because of the length of his sentence.
 
 
 5
 On the other hand, at the plea hearing, when the trial judge discussed the plea with defense counsel, one of the first statements that he made, that "all things are possible in life," considered the possibility that for some reason Lewis would not be admitted to the program. He also reiterated this warning to Lewis. Thus Lewis was well aware that his participation in the program was not guaranteed against all possible obstacles.
 
 
 6
 On balance, we find that the plea was voluntary. While we agree with the district court that in the instant case Judge Kane's remarks salvaged an otherwise infirm plea agreement, we pause to note that the absence of such a discussion by a court below would raise serious questions about whether the plea agreement had been breached and was therefore unconstitutional. See Santobello v. New York, 404 U.S. 257, 262 (1971). Obviously, the better practice for all concerned would be to investigate fully the various aspects of the plea agreement to discover which are possible, impossible, or contingent.
 
 
 7
 Accordingly, we affirm the district court's order.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Lewis's motion for production of documents is denied. His motion for bail pending appeal is denied in light of the disposition of this case. Finally, his motion for relief is denied